May it please the court, Dustin Blake on behalf of Rashad Woodside. At sentencing, it's of the utmost importance not only that justice be done but that it appear to be done. That appearance was not the case after this court's initial remand where Mr. Woodside was denied the right to be present, the right to have an attorney present at a resentencing hearing in violation of criminal rule 43, excuse me, criminal rule 43 in his due process rights under Fifth and Sixth Amendment. Is this the right to counsel you're arguing now? Is that what you're arguing? Is that the argument? Your Honor, it's the right to be present at the resentencing hearing. Well, right for him to be, right for Woodside to be present. Correct. I misunderstood what you just said. Go ahead. He did hire new counsel which was mentioned in the brief which I'll address with the court as well. I would like to address and I think it's appropriate probably it makes most sense for me to address both the first and second assignments of error together because they go hand in hand. The second being that the court did not state its reasons in open court in violation of 18 U.S.C. 3553C. Would it make sense for him to have the answers made in open court if you lost on the first part of that, that he wasn't entitled to a resentencing hearing? I'm sorry, Your Honor, can you repeat the question? Well, there's two issues as you laid them out. One is he's entitled to a resentencing, right? Right to be present at a resentencing. Correct. And then you say there's also a right under 3553C to be in open court when the decision is made. Correct. I'm saying assume you lose on the first one. Doesn't the second one sort of fall away at that point? I don't think it does, Your Honor. Well, no, that's what I'm having trouble with. That's part of what I'm having trouble with. Sure. What I would say to that and I hope this answers your question, if it doesn't, I'm happy to try. But if you look at my brief and what I cited, Blackie cited, the Blackie case, the 3553C requirements are much more than just basic formalities. To assure that the court has properly calculated the applicable guideline range and that adequate explanation is provided in allowing for meaningful appellate review. Is that any different, I guess I'm asking you, if it's read in open court and there's nothing else being done other than reading it, how does that give a greater explanation than if you just issue it to them? I think it gives the opportunity for counsel, if counsel is present with the defendant, to make the appropriate arguments with regards to the... If they don't have a right to a hearing, could it be that the law requires that an order be read in open court when there's nothing else to be done? That doesn't make sense, does it? So it really gets back to whether you need a sentencing hearing, doesn't it? I would agree, yes. Okay. Thank you. Well, this was not a general remand for resentencing. It was a limited remand, wasn't it? This court directed the remand back down. I think it was limited certainly in scope, and what I put in my reply brief was that it was limited in scope, but in application it wasn't as limited as it appeared, especially because the court never in the first instance made the findings with regards to the scope of jointly undertaken activity. So that was really never adequately addressed in the record by counsel. The remand was really for the district court to explain how it came up with the quantity that related to the sentencing of the 170 months, right? Correct. The way I read the decision that came out the first time was that, and in addition to that, the second part of it, which was to make a determination with regards to the scope of whether or not Mr. Woodside should be held accountable for Mr. McGregor's drugs, basically. And so the issue then is, since the court never adequately made findings, and it didn't appear that that was really articulated for appellate review very well, they never made them in the first instance, that gave rise to even more reason as to why when Mr. Woodside hired new counsel to come in, filed motions requesting such, that the court should have given new counsel a hearing in order to at least argue if they weren't going to allow evidence with regards to some of those issues so that... Well, what's your best case in support of your position that you're entitled to presence of counsel and all that on a limited remand like this? Well, it doesn't appear to me that the Sixth Circuit's really spoken to that. I mean, the case that's cited, Garcia Robles, speaks certainly a general remand. The case out of the Second District, the DeMott case, is also a general as well, but it speaks more specifically to 3553C and a violation of those rights. But I think those two cases in conjunction speak to the fact that in this instant case, the trial court should have allowed Mr. Woodside certainly... How do you distinguish this from our case of United States v. Jarrus, which is a 2008 opinion written by me, I think, where it said that the defendant has no right to allocution at a re-sentence on a limited remand? Well, that's different, certainly, and that's not what we're asking for here with regards to this case. Allocution is under Criminal Rule 32, and it's different, certainly, than, I guess, what we're asking for. But the principle is that not every remand entitles you to go through the whole thing again. Correct. And that's sort of what's happened here, and that's the issue. And I gather you have no case directly saying that what the district court did was wrong. I do not, Your Honor. And the distinguishing factor is that the allocution was certainly the issue in the other case. That's not what we're arguing here. What we're arguing is that hearings should have been allowed, and Mr. Woodside and new counsel should have been allowed to address the limited issue on remand that the court set forth for appellate review because, quite frankly, as the court recognized last time, the numbers and the testimony was all over the place. It jumped around. And certain issues, certainly the scope of the jointly undertaken activity wasn't thoroughly gone through like it probably should have. Right. So the court gave a much more detailed explanation of what it did and kept up and, in effect, re-sentenced him to the same 170 months, right? Well, with regards to what the court did in their opinion, it certainly is more detailed than the first time around. It is a little confusing, though, as stated in the brief, because conservatively the court said that they were going to err on the side of caution and use the testimony of Breeden. And then in their opinion, all of the opinion pretty much cites the testimony of Stafford, which certainly wouldn't err on the side of caution. Well, except each one still came up with the same general range of drug quantity, right? Both Breeden and Stafford. The court stated that Breeden's drug quantity was conservatively lower, and that's why they were using that drug quantity. There really isn't anything in the opinion from the judge that goes through Breeden's calculations. It merely relies on Stafford. So I would say that the opinion really doesn't hit the heart of Breeden's calculations about what the judge was thinking. I mean, isn't there sort of a harmless error concept in all this? I mean, the drug quantity was so over the top of the sentencing range. I mean, it would have been the same sentencing range either way. I mean, even if the quantity had been a lot less than calculated. I don't necessarily agree to that. I think the guideline potentially in this case could have changed, certainly, especially if Mr. Woodside was not held accountable for Mr. McGregor's drug quantity. Let me ask about that, if I could. As I understand it, maybe these numbers have problems. But what it appears is that he's responsible for roughly 158,000 oxycodone pills. And in order to reduce the guideline range, because that translated into something that was pretty close to the top of a range in there, he would have had to reduce that to 55,000. And for two of the three periods where McGregor had nothing to do with it, you have 48,000. So you'd have to have, like, all but 7,000 attributable to McGregor alone out of 100,000 pills. Is it not possible for us to say that that just couldn't be supported by the record and, therefore, affirm on that ground without getting into the issue that you raise about whether he addresses adequately the drugs that were sold by Mr. McGregor? Does that question make sense? Absolutely, Your Honor. It's a fair question, certainly, because it is certainly a large quantity. The answer is that it is possible, I believe, when you go to... Because you're talking about, with McGregor, an 18-month period, I believe, and certainly there's a lot of numbers. So if I'm misspeaking with regards to the numbers, I certainly don't mean to, and I was not trial counsel, but... We could, though, if a close examination showed the numbers to be so unlikely as not to be unreasonable, to have made a difference, we could affirm on that ground. We have the power to do that. I believe, Your Honor, that it would be possible for the guideline to change at least down to the 32 level, which would be, I believe, the... You'd have to attribute all of that first period to McGregor, which is really not consistent with the facts, is it? I believe that it is. When I went through the record, I believe that that calculation could be done. Initially, your client was furnishing the pills to McGregor, who would then sell them on to Breeden and Stafford, and then your guy decided to go independent and undercut McGregor, right? Made his own side deal with Breeden and all. That's correct. However, I would just state to the Court that the situation with regards to Mr. Woodside supplying pills to McGregor has really not clearly articulated what that relationship was, basically. How often the frequency or any of that was not done in the record. But to the second point of that, they certainly weren't in joint undertaking. They were competitors, undercut by dollar amounts, selling to the same person. And so they weren't... A factual question. During that time frame, didn't your client continue both to sell to Stafford Breeden and to McGregor for a time frame? I don't believe that's in the record clear, Your Honor. And I would say that if there was a hearing... If he started supplying Stafford Breeden in late 2008 or early 2009, then Woodside goes and says, all right, I'm going to supply you too. But I think one of the questions of being involved in the same selling entity has to do with whether Woodside continued to supply McGregor at that time. Doesn't the record reflect that he did? I don't think he did, no. You think it's not reflected in the record? That's correct, Your Honor. Thank you. It's not. And if the court were to have a hearing on the matter with New Counsel, I think that that could have been more clear for appellate review, certainly. Remind me of one logistical matter. Was that addressed in briefing before the resentencing, or was there no input from Mr. Woodside's counsel? The New Counsel? The New Counsel. The New Counsel filed, I believe, a motion requesting a hearing. And was he then, did it include a brief that addressed the issues that he wanted addressed at a hearing? Yes, which was the calculation and the jointly undertaken activity and all of those issues. And so by not having a hearing, we're left with, essentially, the first information that the court had the first time around, which is not fair, certainly for Mr. Woodside, not fair for the court for appellate review purposes. Well, it's fair if all it was lacking was an adequate explanation of what was presented earlier. True. It's not fair about that, is there? No, not. But we would submit to the court, certainly, that the explanation is certainly confusing, especially in the court's opinion when they rely on somebody other than who they... Isn't it? Well, it depends on the level, I guess. Okay. I appreciate your argument. But with regards to... I'm out of time. I think you are. If you have a sentence or two, that would be all that we'd have time for. I was just going to state that I think in the court's opinion as well, the court doesn't address all three aspects of the scope, the furtherance, and the foreseeability. The furtherance is not addressed. It needs to be remanded on that ground as well. Thank you. Thank you, Your Honor. Good morning. May it please the court, Ahmed Zafiullah on behalf of the United States. The United States would ask that this court do two things. First, find that defendants do not have a right to have an open court hearing when this court has ordered a limited remand for recalculation of the guidelines. Second, we would ask... Are the two right to be present and right to have a hearing analytically separate? I think analytically they could be separate, but I think Judge Rogers' question before, if this court finds that the defendant doesn't have a right to have a hearing, then it kind of nullifies the second question of whether he's entitled to an open court hearing. Whether he's entitled to be present. That's correct. Do you not think that there are some constitutional ramifications of one not being present at a resentencing? Repeat your question. I'm sorry. Are there not constitutional ramifications to one not being allowed to be present at a resentencing? It depends on the scope of the resentencing. If it's a general resentencing where a defendant hasn't allocated, like in the Garcia-Robles case, then there's some constitutional ramifications and the defendant should be present in order to allocate. If there are other issues with the way that the court originally conducted its sentencing hearing, then there can be constitutional ramifications. In this case, when this court orders the district court merely to conduct a recalculation of the base offense level, it doesn't rise to that level. Is the Sixth Circuit addressed in a case the right to be present for resentencing and a limited remand? I haven't found any cases, Your Honor, that address that. Thank you. Sure. I think the closest case that kind of comes close to that is the Orlando case. It's out of the Middle District of Tennessee. I think it was a limited remand back to the district court to evaluate a money laundering case and for the court to basically conduct a recalculation of the money laundering. And the district court held an open court hearing and had the defendant present. But I don't think a defendant is entitled to have that open court hearing and be present. Do you have any authority anywhere that says that there is no right to be present for a limited remand like this? No, I do not. We just ask that this court find that the defendant isn't entitled to have one. What, just out of the blue? We can just pluck it out of the air? Well, I think when you look at the rules, Rule 35 and Rule 43, it kind of gives this court some parameters to work with. And when you look at Rule 35, it describes a sentencing as an oral pronouncement of a sentencing. And if the court merely has to conduct a recalculation, then it's not an oral pronouncement of a sentencing. So I'm surprised this has never come up anywhere before. Yes, I am as well. Because it doesn't make much difference. Well, doesn't Rule 43 indicate that a defendant must be present at sentencing? And why wouldn't that apply to resentencing? Because that becomes what he is serving. Well, and I would cite to a First Circuit case, it's the Bryant case, 643 F3rd 28, where it says a lot of things can be classified as a resentencing hearing, or resentencing, whether it be limited or general. But what determines whether a defendant is entitled to the safeguards of an open court hearing is limited to the context of the proceeding. So if the context of the proceeding is, oh, well, he didn't have a right to allocute, then it would necessitate an open court hearing. And if they're analytically separate, I understand it seems odd that someone can come but can't allocute, or you're not having a hearing. But Rule 43, the cases say that it includes common law rights, and the rule protections are broader than the protections provided in the Fifth and Sixth Amendments. So do you have a case, even if the Sixth Circuit has not rendered one, that says you can send back a limited remand and you can sentence someone, and neither the rules of procedure nor the Constitution require that you do it in that person's presence? The best case that I have to that point would be the Bryant case out of the First Circuit that says that basically the resentencing doesn't necessitate an open court hearing. And so we're still separating the presence. So you could remand to the district court, and the district court could double a defendant's time served, and the defendant does not have to be present before the court to hear that his sentence is now doubled. Well, I think that goes to whether the defendant is prejudiced by the resentencing. And I think the Daniels court, to which the defendant cites, where the defendant was sentenced outside of the guideline range, and the court issued a sealed statement of reasons, this court reversed the lower court's ruling and sent it back because it was outside of the range. It essentially doubled it or increased it, and the defendant didn't have the opportunity to argue with the court or make an argument to the court of why that sentence was prejudicial to him. So you're saying there's no prejudice here because the sentence remained the same? That's correct, Your Honor. And no authority directly saying that's okay? No, and we hope that this court finds that in this case. Right. And as Your Honor mentioned in the conversation with my opposing counsel, the sentence remained 170 months. And whether you took Breeden's account of how many pills were sold or Stafford's account, the base offense level did not change. One rationale for having a different rule for if you come to the same conclusion as opposed to a different rule for if you come to a different conclusion, if you come to a different conclusion, it's hard to say that all you're doing is explaining what you did before. But if all you're doing is explaining what you did before, then it's very difficult to say that you have some sort of right to be present while they explain something where it was merely an inadequate explanation of what you did before. If you actually change it, then there's, I guess, at least the possibility that you're doing something different from what you did before, in which case presence might have some sort of value. I agree with Your Honor, but I think in this case the result ended up being the same. The recalculation was put in the amended judgment. It was not filed under a sealed statement of reasons, and it was adequate. This court laid out essentially six things that it wanted the lower court to look at and consider and put on the record, and the court did that. And when it did, it came out with the same base offense level. This court didn't have any... Same sentence. And same sentence. Thank you, counsel. Thank you, Your Honor. To pick up on what the judge was saying earlier, the rules are the rules certainly, and the rules say, with regards to what I had cited with Rule 43, and the other rules, that the defendant should have the opportunity to have some meaningful input. The court had mentioned that it really doesn't make a difference. I suppose if we took the same with regards to, let's say, like the Super Bowl, where everyone had the Patriots winning the Super Bowl, Eagles didn't have much of a chance of winning that game at all. If they had just said, well, everybody thinks the Patriots are going to win, it doesn't make any difference in this case. But that certainly wasn't the case. That's why we give people an opportunity. That's why we play the game. One thing that was cited in... What's the difference between playing the down over and replaying it on the instant replay? In one, you're doing the same thing, but you're seeing how you did it. In the other one, you're doing it over. To me, those seem like different things. Maybe the parallel is not very great, but you're the one who raised it. My point is not that, Your Honor, but the point of it is that you're suggesting that the result would not have changed. And what I'm suggesting is the result would have changed or could have changed, and that's why we have hearings. That's why we give people the opportunity to meaningfully address situations such as this. But our order looks like it's asking for an explanation, not for a reevaluation. Well, I believe it's asking for an explanation and the court's input with regards to the jointly taken activity, which certainly an explanation is an explanation. That's one thing. But when you open up the scope of it, which has never been addressed in the first instance, I think that changes the game a little bit. So the Garcia-Robles case, though, I would point out that they noted in there, we will not assure the court would not be persuaded by the words carefully chosen by counsel. Had the person had the opportunity, counsel had the opportunity to come in and articulate on behalf of the defendant. That's the general remand case, though. That's correct, Your Honor. But I do think it's important with regards to the court suggesting that they're not going to assume that things wouldn't have been any different. And, you know, if the situation is that we don't give people the opportunity in instances like these, it certainly doesn't give the sense of fairness that is mentioned throughout the brief and the reasons behind all of those rules to give people an opportunity and a meaningful opportunity to be heard. Thank you, counsel. Thank you, Your Honor. I appreciate your argument. I see that you're appointed under the Criminal Justice Act, and I appreciate your effort. We appreciate your participating under that act. Thank you. Thank you. I appreciate you having me. The case will be submitted.